IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. SARGENT, et al., | No. CIV S-10-1420-CMK |
| Plaintiff, | |
| vs. | ORDER |
| PAUL SIMONETA, et al., | |
| Defendants. | |
| _____/ | |

        Plaintiffs, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

        Pending before the court is plaintiffs' request for assistance regarding a notice of deposition received from the defense. Plaintiff Atterbury indicates he has received a notice of deposition, setting his deposition in Napa, California for August 2, 2011. He states he was not asked prior to setting the deposition, indicates he will have nothing to add beyond what was stated in his complaint, and he is unable to sit for long periods of time. Plaintiff does not provide a copy of the notice of deposition, but does indicate the deposition was noticed to be conducted at Sims & Sims Deposition Reporters.

1         The Federal Rules of Civil Procedure provide the parties to take deposition by oral examination. See Rule 30.  The deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order. See Rule 30(b). "A district court has wide discretion to establish the time and place of depositions." Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).  A party may move for a protective order to be protected "from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c).  The court may grant such a protective order for good cause, specifying the time and place of a deposition. See id.  The party seeking a protective order has the burden of showing that "good cause" exists for the order. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).  To establish good cause, the moving party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102n.16 (1981) (citations omitted).

         Plaintiff has not requested a protective order, nor has he provided good cause for the court to issue such an order.  Plaintiff resides in Napa, and defense counsel has arranged to have plaintiff's deposition take place in Napa instead of requesting plaintiff travel to Redding to participate in a deposition.   As the filing before the court is not an actual request for protective order, there is insufficient information contained therein for the court to render an opinion to extent plaintiff indicates an inability to sit for extended periods of time.  Generally, depositions are fairly informal, and can be conducted to sufficiently accommodate a party's inability to sit, such as allowing plaintiff to stand as needed.  Depositions are routinely used as part of any civil action, and are not intended to trick or pressure a pro se party.  The court cannot provide further guidance to the plaintiffs as to how to conduct their own deposition.  If plaintiffs are unsure how to proceed, they may consider obtaining the services or advice of an attorney.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that to the extent plaintiffs are requesting a protective order, plaintiffs have not shown good cause for such an order and that request is therefore denied without prejudice.

DATED: July 28, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE